UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE # 6:03-cv-1856-Orl-22KRS

Jury Trial Demanded

SCOTT RAY ZABRISKIE,

    Plantiff,

vs.

Court Administration of the Ninth Judicial Circuit in and for Orange County, FL,
Matt Benefield, Administrator, Court Administration of the Ninth Judicial Circuit in and for Orange County, FL,
Chuck Hyadovitz, employee, Court Administration of the Ninth Judicial Circuit in and for Orange County, FL,
Jane Doe(s), employees, Court Administration of the Ninth Judicial Circuit in and for Orange County, FL

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, SCOTT RAY ZABRISKIE, and for his cause of action against defendants Court Administration of the Ninth Judicial Circuit in and for Orange County, FL, and its employees, and states as follows:

### Introduction

1. This is an action for money damages brought pursuant to 42 U.S.C. subsections 1983 and 1988, and the Fourteenth Amendments to the United States Constitution, and under the Constitution, statutes, and common law of the State of Florida, against Matt Benefield, Chuck Hyadovitz, Jane Doe 1, Jane Doe 2, employees of

1

the Court Administration of the Ninth Judicial Circuit in and for Orange County, FL in their official capacities and against the Court Administration of the Ninth Judicial Circuit in and for Orange County, FL. Jurisdiction is based upon 28 U.S.C. subsection 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that during the dates of 12/01/2003 and 12/02/2003 plaintiff, who is a *pro se* plaintiff in the following four distinct actions in the Florida circuit court:

(1) 2003-CA-7617, incident of date of 09/04/2001, defendant Island One Resorts a.k.a. Ron Jon Resorts, a.k.a Club Navigo Vacations;

(2) 2003-CA-5314, incident of date of 11/03/2001, including defendants Lexington Park Apartments, Equity Residential Properties, Orlando Police Department, City of Orlando, (police screening facility) Lakeside Alternatives, and the State of Florida, Department of Children and Family Services;

(3) 2003-CA-5902, incident date of 07/01/2002, including defendants Barbara A. Warner and Michael Bagley, individual owners and landlords, 2013 Dartmouth Ave., Winter Park, FL 32789;

(4) 2003-CA-6884, incident date of 10/18/2002, including defendants Orange County Sheriff's Office, Orange County Office of the Public Defender, (car towing service and storage facility) The Car Store, and Orange County, FL;

was asked to leave the Orange County Courthouse and discontinue use of facilities provided to all *pro se* parties in actions in that courthouse by intentional actions of the defendants, violating his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations

and torts were committed under color of authority as a result of policies and customs of the Court Administration of the Ninth Judicial Circuit in and for Orange County, FL.

**Parties**

3. All events relevant to this action did occur in Orange County, FL, and all defendants in this action are agencies or corporations in Orange County, FL, or are employees of such agencies or corporations.

**Facts**

4. During the dates of 12/01/2003 and 12/02/2003 plaintiff was asked to leave the Orange County Courthouse and discontinue use of facilities provided to all *pro se* plaintiffs in that courthouse.

5. Plaintiff at that time had four active cases in the circuit court in Orange County, and had hearings on both 12/01/2003 and 12/02/2003.

6. Plaintiff had been granted an order of insolvency on all four cases and had a need to use defendants facility in preparation for such hearings.

7. Prior to leaving the courthouse on 12/01/2003 he had been told by defendant Hyadovitz to "leave for today," which he assumed to mean that he could return 12/02/2003.

8. Upon returning 12/02/2003 plaintiff was told by defendant Hyadovitz to leave the facility again and to not return for over 30 days, for "abusing his facility" and "abusing his employees."

9. Due to the resulting lack of preparation and unnecessary additional aggravation, stress, and distraction, plaintiff was unable to adequately prepare for the hearings on 12/01/2003 and 12/02/2003 and did not prevail in either hearing, nor in another hearing which occurred on 12/05/2003, nor in another one which occurred on 12/10/2003.

10. Many other persons are allowed to use such facilities each day, and several times a week at that. Plaintiff contends that defendants did misuse their authority against him due to the fact that the list of defendants in his four cases at that time included Orange County, the City of Orlando, the State of Florida, Department of Children and Families, the Orange County Sheriff's Office, and the Orlando Police Department, all of which have substantial interests in that court, and presumably some influence and control over that court.

12. Because one of his cases (2003-CA-6884) was for wrongful eviction and theft of his personal computer, and because of his inability to obtain any kind of legal representation whatsoever, and because of his indigent status, plaintiff had a exceptional need at that time to use the courthouse facility which was made available to all other *pro se* plaintiffs, which need was continuing.

13. Defendants were aware of plaintiff's continuing need to use the facility, his indigent status, his inability to retain counsel, and his hearings on 12/01/2003 and 12/02/2003.

14. The Fourteenth Amendment to the United States Constitution guarantees the well-settled federal constitutional right that no state shall "deprive any person of life,

liberty, or property without due process of law; nor deny to any person the equal protection of the laws."

## Count I – Violation of Due Process and Equal Protection via 42 U.S.C. section 1983

15. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

16. Plaintiff claims damages against defendants Chuck Hyadovitz, Matt Benefield, Jane Doe 1, and Jane Doe 2, and the Court Administration of the Ninth Judicial Circuit in and for Orange County, FL for violation of his constitutional rights under color of authority.

WHEREFORE, the plaintiff requests that this Court:

a. enter an order that the actions of the defendants on the dates of 12/01/2003 and 12/02/2003 constitutes an abuse of process and/or a deprivation of plaintiff's secured rights under the Fourteenth Amendment of the United States Constitution;

b. enjoin defendants from further acts of intimidation, harassment and deprivation of plaintiff's constitutionally protected rights including due process and equal protection under the Fourteenth Amendment;

c. award plaintiff compensatory and continuing consequential damages against the defendants jointly and severally;

d. enter an order that defendants shall grant plaintiff access to the public facilities at the Orange County Courthouse, equal to the access provided to any other citizen;

e. award plaintiff punitive damages against the defendants, including damages for emotional distress and mental pain and suffering;

f. award plaintiff all appropriate attorney's fees and costs incurred in prosecuting this action;

g. grant plaintiff the right to amend this complaint as needed, and also such other and further relief as this Court may deem appropriate.

The plaintiff hereby demands a trial by jury.

Dated:

THE PLAINTIFF,

_____
SCOTT RAY ZABRISKIE
PO Box 541504
Orlando, FL 32804
(407)-836-0498